UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

QUAN DINH TRAN,  Chapter 7
 Case No. 8:20-bk-05750-CPM

    Debtor.
_____/

## CHAPTER 7 TRUSTEE'S UNOPPOSED MOTION
## TO EXTEND THE 11 U.S.C. § 546 DEADLINE

Nicole M. Cameron, as Chapter 7 Trustee ("Trustee") for the above-captioned debtor (the "Debtors"), by and through her undersigned counsel and pursuant to 11 U.S.C. Section 105 and Rule 9006(b), Federal Rules of Bankruptcy Procedure, files this motion to extend the deadline to file avoidance actions under Section 546 of the Bankruptcy Code, and in support says:

### BACKGROUND

1.  Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on July 29, 2020.

2.  Absent the requested extension, pursuant to 11 U.S.C. Section 546, the deadline for filing avoidance actions is July 29, 2022 (*i.e.*, two years after the entry of the order for relief.

### AUTHORITY FOR REQUESTED RELIEF

6.  Section 546 of the Bankruptcy Code provides in pertinent part:

   (a)  An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

       (1)  the later of—

           (A)

           2 years after the entry of the order for relief; or

           (B)

1

>    1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2)   the time the case is closed or dismissed.

11 U.S.C. 546(a). Section 546 is a true statute of limitations that may be enlarged by court order, rather than a statute of repose or a jurisdictional bar. *In re Int'l Admin. Servs., Inc.,* 408 F. 3d 689, 699 (11th Cir. 2005) and; *In re Pugh*, 202 B.R. 792 (M.D. Fla. 1996); *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 787 (Bankr. M.D. Fla. 2013) ("There is no question the Court has the authority to enlarge the two-year limitations period under section 546(a)."); *In re Pichardo*, No. 08-29399-BKG, 2012 WL 292862 (S.D. Fla. Jan. 21, 2012).

7.   The standard for extending the deadline for bringing avoidance actions under Section 546 is "cause." As the Court in *In re Fundamental Long Term Care*, explained:

>    It seems to the Court that the appropriate standard would be the "for cause" analysis under Rule 9006. The Trustee here seeks an enlargement of time before the period has expired (equitable tolling presumably comes into play after the limitations period has expired). And that was the analysis the Eleventh Circuit initially applied in *In re International Administrative Services*, before turning to the equitable tolling analysis in an abundance of caution. So there does not appear to be any reason not to apply the "for cause" analysis.

501 B.R. at 789.

8.   In this case, the Trustee has certain unasserted claims that may exist as a result of transfers by the Debtor to Debtor's wife, Evan Tran and/or Debtor and Evan Tran, as tenants by the entireties (collectively, the "Tran Parties"). The Debtor have reached a settlement regarding the Trustee's potential avoidance claims against the Tran Parties and anticipate executing a formal settlement agreement and filing a motion to approve that settlement within two weeks.

9.      By this Motion, the Trustee seeks a ninety (90) day extension of her time to file avoidance actions against the Tran Parties under Section 546, to provide time to document the settlement agreement, file a 9019 motion, and have the motion heard.

10.      The Tran Parties, through counsel, do not oppose the relief sought in this motion.

WHEREFORE, the Trustee respectfully requests that this Court enter an order

i.      granting this Motion;

ii.      extending the time in which the Trustee must file avoidance actions under 11 U.S.C. 546 against the Tran Parties for a period of ninety (90) days through and including October 27, 2022; and

iii.      granting such further relief as this Court deems just and proper.

Dated: July 26, 2022

          */s/ Lynn Welter Sherman*
          Lynn Welter Sherman
          Florida Bar No. 0375616
          TRENAM LAW
          200 Central Avenue, Suite 1600
          St. Petersburg, FL 33701
          Telephone: 727.896.7171
          Email: lsherman@trenam.com

          *Counsel for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this 26th day of July, 2022, a copy of the foregoing has been furnished by electronic service to all persons receiving notice by CM/ECF and by First Class U.S. Mail, postage prepaid to the following:

Quan Dinh Tran
1994 Carolina Cir. NE
St. Petersburg, FL 33703

United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street

Evan Tran
1994 Carolina Cir. NE
St. Petersburg, FL 33703

Tampa, FL 33602-3949

                                                */s/ Lynn Welter Sherman*
                                                Lynn Welter Sherman