**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

QUAN DINH TRAN,  Chapter 7
 Case No. 8:20-bk-05750-CPM

  Debtor.
_____/

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

**MOTION TO APPROVE COMPROMISE**

Nicole M. Cameron, as Chapter 7 Trustee for the above-captioned Debtor ("Trustee"), by and through her undersigned counsel, and pursuant to Bankruptcy Rule 9019, moves for the entry of an order approving a compromise by and between the Trustee, the Debtor, Quan Dinh Tran ("Debtor"), and Debtor's non-debtor spouse, Evan Tran, and in support says as follows.

1. The statutory predicate for the relief requested in this Motion is Bankruptcy Rule 9019. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157(b)(2)(A), (B),

(C) and (O) and 1334. This is a core matter pursuant to 28 U.S.C. §§157(b)(2)(A), (B), (C) and (O).

2. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 29, 2020.

3. Debtor filed a Schedule C on August 24, 2020 (Doc. 20) ("Schedule C") in which he claimed certain property as exempt under Chapter 222, Florida Statutes, and certain personal property to be excluded from the bankruptcy estate because it was owned as tenants by the entireties by the Debtor and Evan Tran (the "Entireties Property").

4. Evan Tran asserts that certain personal property that is located at the Debtor's homestead is her individual property (collectively, "Wife's Property")

5. The Trustee has identified various asserted and unasserted claims, causes of action, and contested matters that the Trustee may have against the Debtor, Evan Tran, and Quan Dinh Tran and Evan Tran as tenants by the entirety (collectively, the "Tran Parties") in the Bankruptcy Case, including, but not limited to: (a) any and all objections to the real and personal property claimed as exempt by the Debtor on his Schedule C; (b) disputes as to whether the Entireties Property and Wife's Property are property of the bankruptcy estate; and (c) other unasserted claims against the Tran Parties based upon acts, omissions, transfers or transactions of the Debtor prior to the date of this Agreement (collectively, the "Claims").

6. The Trustee and Tran Parties have entered into a settlement agreement (the "Settlement Agreement"), pursuant to which the Tran Parties shall pay a total of $65,000.00 (the "Settlement Payment") to the Trustee as follows: $25,000 within five (5) business days after the Effective Date, and, six (6) monthly payments of $6,666.67 commencing one month after the

Effective Date and continuing on the same day of each month thereafter.[1] A true copy of the Settlement Agreement is attached to this Motion as Exhibit "A." In exchange for the Settlement Payment, the Trustee, on behalf of the bankruptcy estate will release the Tran Parties from all claims and avoidance actions, including the Claims; the release excludes any claims to any federal income tax refunds that may be due as a result of amending pre-petition tax returns. Under the Settlement, the Debtor and Evan Tran expressly release any interest in the $1,437,500.00 in proceeds from the sale of the property located at 1942 Carolina Avenue N.E. (the "Carolina Avenue Property") previously sold by the Trustee which was titled jointly to Debtor and Evan Tran. This summary of the Settlement Agreement is provided for convenience, and does not contain all of the terms of the Settlement Agreement. Accordingly, creditors are urged to read the Settlement Agreement in full.

7. By this Motion, the Trustee seeks the entry of an order, pursuant to Bankruptcy Rule 9019, approving the Settlement Agreement.

8. Bankruptcy Rule 9019 (a) provides:

On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

9. Rule 9019(a) gives the Court broad authority in approving compromises or settlements. *In re Simmons*, 520 B.R. 136, 141 (Bankr. M.D. Fla. 2014); *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The determination of whether to approve a compromise is a matter committed to the sound discretion of the bankruptcy judge. *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). In exercising this

---

[1] To the extent of any inconsistency between the terms of the Settlement Agreement and the summary provided in this motion, the terms of the Settlement Agreement shall control.

discretion, the court should approve the proposed settlement if it is in the best interests of the estate. *Id.* In determining whether a proposed compromise is in the best interests of the estate, the Bankruptcy Court should consider the following factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.1990), *cert. denied*, 498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990). A court considering the approval of a settlement need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988); *In re Martin*, 91 F.3d 389 (3rd Cir. 1996).

    10.    Based upon the amounts at issue, the probability of success and the anticipated costs and delay associated with litigation, and anticipated difficulties in collecting any judgment ultimately obtained, the Trustee believes that the Settlement Agreement is in the best interests of the estate and the Debtor's creditors. Further, the formal waiver of any claims in and to the proceeds from the sale of the Carolina Avenue Property has substantial value to the bankruptcy estate.

    WHEREFORE, Nicole M. Cameron, as Chapter 7 Trustee for the above-captioned Debtor, respectfully requests the entry of an Order: (a) approving the Settlement Agreement pursuant to Bankruptcy Rule 9019; and (b) granting such other and further relief as is just and equitable.

                                  /s/ *Lynn Welter Sherman*
                                  Lynn Welter Sherman, Esq.
                                  Florida Bar No. 0375616
                                  Email: lsherman@trenam.com
                                  TRENAM LAW
                                  200 Central Avenue, Suite 1600

St. Petersburg, FL 33701
Telephone: 727.896.7171
*Counsel to Nicole M. Cameron, Trustee*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on this 23rd day of August, 2022, a copy of the foregoing has been furnished by electronic service to all persons receiving notice by CM/ECF and by First Class U.S. Mail, postage prepaid to the following:

| | |
|---|---|
| Quan Dinh Tran<br>1994 Carolina Cir. NE<br>St. Petersburg, FL 33703 | United States Trustee - TPA7/13<br>Timberlake Annex, Suite 1200<br>501 E Polk Street |
| Evan Tran<br>1994 Carolina Cir. NE<br>St. Petersburg, FL 33703 | *All parties on the attached mailing matrix* |

*/s/ Lynn Welter Sherman*
Lynn Welter Sherman

5